UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-184-FDW

| | |
|---|---|
| TERRY CONNOR, JR.,<br><br>        **Plaintiff,**<br><br>vs.<br><br>NORTH CAROLINA DEPARTMENT OF<br>PUBLIC SAFETY, et al.,<br><br>        **Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 7).

**I.    BACKGROUND**

*Pro se* Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 for an incident that allegedly occurred at the Marion Correctional Institution. He names the following as Defendants: the North Carolina Department of Public Safety ("NC DPS"), Marion Correctional Institution, and Officer J. Ward.

Construing the Complaint liberally and accepting it as true, on April 16, 2018, Officer Ward came to Plaintiff's cell door and told him that he was going to put an unknown substance in Plaintiff's food that would make his penis fall off. Plaintiff claims that he is living in constant fear and has suffered mental anguish and anxiety attacks for which he has sought mental health treatment. Plaintiff seeks $250,000 for sexual harassment, mental anguish and "endangerment by communicating threats." (Doc. No. 1 at 7).

1

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff

to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of Another State, or by Citizens of any Foreign State." U.S. Const. Amend. 11. Neither a State nor its officials acting in the official capacities are "persons" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, civil rights suits against a state, its agencies, and its officials sued in their official capacities for damages are barred absent a waiver by the State or a valid congressional override. Kentucky v. Graham, 473 U.S. 159, 169 (1985); Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989) (citing McConnell v. Adams, 829 F.2d 1319, 1328 (4th Cir. 1987)). Neither the NC DPS nor any of its facilities are "persons" under § 1983, therefore, the Complaint is dismissed with prejudice as to NC DPS and the Marion C.I. See Fox v. Harwood, 2009 WL 1117890 at *1 (W.D.N.C. April 24, 2009).

The remaining claim, that Officer Ward placed Plaintiff in fear for his health and well-being by threatening to put an unknown substance into his food that would make his penis fall off is so irrational and fanciful that it will be dismissed with prejudice as frivolous. See generally Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply

3

'unbelievable.'").

This action will be dismissed with prejudice as frivolous and Plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g), this dismissal may affect his ability to proceed *in forma pauperis* in further civil actions.

### IV. CONCLUSION

For the reasons stated herein, the Complaint is dismissed as frivolous and for seeking damages against immune parties.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is **DISMISSED with prejudice** as frivolous and for seeking damages against immune parties pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). Plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g) that this dismissal may affect his ability to proceed *in forma pauperis* in future civil actions.

2. The Clerk of Court is instructed to close this case.

Signed: October 16, 2018

Frank D. Whitney
Chief United States District Judge